UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
UNITED STATES OF AMERICA

-against-

ARIEL LAMBERT,

Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
26-cr-40 (CBA)

**AMON, United States District Judge:**

On July 9, 2026, Defendant Ariel Lambert filed a motion seeking early termination of probation. (See ECF Docket Entry ("D.E.") # 7.) She has been on probation since April 17, 2025, and her two-year term ends on April 16, 2027. (See D.E. # 1 at 1; United States v. Lambert, No. 24-cr-10275 (D. Mass.), D.E. # 134.) She asks that I terminate her probation because being on probation has made it more difficult to find steady employment and to visit family abroad. (D.E. # 7 at 3-4.) She also laments that she would like to move out of New York but cannot because it is difficult to transfer supervision. (Id.) To support her motion, Ms. Lambert points to the fact that she has exhibited "exemplary conduct while on supervision" as well as a "commitment to lawful behavior." (Id. at 4.) The Government opposes the motion, noting that Ms. Lambert's compliance with supervision is "expected," and that she has paid "less than five percent . . . of the total restitution ordered by the Court." (D.E. # 8 at 3.)

The motion is denied. 18 U.S.C. § 3564(c) gives me the authority to terminate a term of probation upon consideration of the factors outlined in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3564(c). But "[e]arly termination of probation is not warranted as a matter of course." United

States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). Even "[f]ull compliance with the terms of probation, though laudable, does not constitute the type of exceptional behavior entitling a defendant to early termination." United States v. Bailin, No. 05-cr-48-01, 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008); see also United States v. Leone, No. 02-cr-528 (TCP), 2013 WL 867527, at *2 (E.D.N.Y. Mar. 4, 2013) ("A petitioner's compliance with the conditions of [her] probation . . . is insufficient to warrant early termination."). More "exceptional circumstances" are required. United States v. Singer, No. 08-cr-587 (SJF), 2012 WL 3062136, at *2 (E.D.N.Y. July 25, 2012).[1]

That demanding standard is not met here. The defendant here has not even shown full compliance with the terms of probation. Probation reports that she is behind on her restitution payments. (D.E. # 8 at 3-4). Ms. Lambert pleaded guilty to a serious crime, for which probation serves as her punishment. The United States Probation Office and the Government provide sound grounds for rejecting her motion. (See D.E. # 9.) I conclude that it is in the interest of justice that she serves the remaining months of her term of probation.

For the foregoing reasons, the motion is **DENIED.**

SO ORDERED.

Dated: August 25 , 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge

---

[1] The government in its briefing unhelpfully refers to the defendant being on supervised release and focuses on § 3583(e)(1). The defendant is on probation, not supervised release, (see D.E. # 1-1), and termination is governed by § 3564(c). The defendant correctly points out that because of their similar language, courts analyze § 3564(c) (early termination of probation) and § 3583(e)(1) (early termination of supervised release) under similar standards and apply decisional law interpreting one statute to motions brought under the other. (See D.E. # 7 at 2.) I do note that probation and supervised release are different in important ways; namely, probation is a "punishment in lieu of incarceration," where supervised release is a rehabilitation measure "to ease the defendant's transition into the community" after incarceration. See United States v. Morgan, 820 F. Supp. 3d 203, 209 (E.D.N.Y. 2026) (cleaned up).